UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MITCHELL STEVENS (#78189)**                                CIVIL ACTION

VERSUS

**WARDEN BURL CAIN, ET AL.**                                 NO. 14-0204-JWD-RLB

## O R D E R

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunction Againt [sic] Forced T.B. Testing and Displinary [sic] Action (R. Doc. 3).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against LSP Warden Burl Cain and other LSP officials, asserting that the defendants have violated his constitutional rights since 2002 by forcing him to undergo periodic tuberculosis testing at LSP, which has caused him pain and injury and has allegedly violated his religious beliefs. The Court has entered Orders, *see* R. Docs. 4 and 10, denying the plaintiff entitlement to proceed *in forma pauperis* herein and directing him to pay the full amount of the Court's filing fee. Instead of submitting the required payment, however, the plaintiff has pursued an appeal to the United States Court of Appeals for the Fifth Circuit from this Court's determination, and the appeal is currently pending before the appellate court.

The plaintiff's motion for injunctive relief shall be denied at the present time. Until the plaintiff either pays the Court's filing fee or is authorized to proceed *in forma pauperis* in this case, the case cannot proceed and the motion is not properly before the Court. In addition, and in the alternative, it appears to the Court that the plaintiff's motion does not meet the test for injunctive relief in any event. "[A] preliminary injunction is an extraordinary remedy which should not be

granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). These requirements include "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Id.* Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunction (R. Doc. 3) be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___8___ day of January, 2015.

_____
**JOHN W. DeGRAVELLES**
**UNITED STATES DISTRICT JUDGE**